DORA SHERROD v. NORTH CAROLINA DEPARTMENT OF HUMAN RE-
SOURCES, NORTH CAROLINA DIVISION OF SOCIAL SERVICES

No. 877SC652

(Filed 5 April 1988

**Social Security and Public Welfare § 1— Medicaid eligibility—medical evidence of
severe impairment—denial of request improper**
      Respondent's denial of petitioner's request for Medicaid disability assist-
   ance on the basis that she did not suffer from a severe impairment which
   would limit her ability to do work was contrary to the medical conclusion
   reached by the examining physician of respondent's choice, and was unsup-
   ported by any other medical evidence.

APPEAL by appellant from *Brown (Frank R.), Judge.* Judg-
ment entered 26 February 1987 in Superior Court, EDGECOMBE
County. Heard in the Court of Appeals 10 December 1987.

Appellant was fifty-two years old when she first applied for
Medicaid disability assistance on 3 July 1984. She is the mother of
five children and has an eleventh grade education. From 1971 to
1974 she worked as a "cord setter" for Black & Decker. She has
not been gainfully employed since 1974. Appellant claims her dis-

ability is the result of numerous medical problems including hypertension, diabetes, gout, bad nerves, blurred vision, poor circulation and problems with her back, leg and shoulder.

As a result of these medical problems, appellant says she is unable to sweep, mop, scrub, or even sit for prolonged periods without suffering severe pain and muscle spasms in her back and leg. In addition she claims to be unable to lift more than five pounds without strain and that her pain affects her ability to bend, stoop, push, pull and use foot controls. Mrs. Sherrod's initial request for Medicaid was denied by the Edgecombe County Department of Social Services on 18 September 1984. Pursuant to her request, a hearing was held before a state hearing officer on 4 December 1984. The hearing officer issued a tentative decision upholding the denial, which became the final decision of the Division of Social Services.

Appellant filed a petition for judicial review on 24 May 1985. On 27 January 1986 a consent order was entered and the matter was remanded for further administrative proceedings. Another state hearing was held on 19 March 1986. The hearing officer issued a tentative decision on 13 May 1986 again denying appellant's application for Medicaid. The tentative decision became the final determination of appellee on 10 July 1986.

Appellant then filed an action for judicial review in the Edgecombe County Superior Court on 8 August 1986. The superior court affirmed. Mrs. Sherrod appeals.

*Eastern Carolina Legal Services, Inc., by Patricia A. Bailey, attorney for petitioner-appellant.*

*Attorney General Lacy H. Thornburg, by Associate Attorney General Joe L. Webster, for the State.*

ORR, Judge.

Appellee concludes as a matter of law that "the appellant does not have a severe impairment and, therefore, cannot be found disabled as defined in 20 C.F.R. 404 and 20 C.F.R. 416." The term "severe impairment" refers to an impairment which significantly limits physical or mental abilities to do basic work activities. *See generally* 20 C.F.R. §§ 416.920 and 416.1002 (1987). "Basic work activities" is defined as follows:

(b) *Basic work activities*. When we talk about basic work activities, we mean the abilities and aptitudes necessary to do most jobs. Examples of these include—

(1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;

(2) Capacities for seeing, hearing, and speaking;

(3) Understanding, carrying out, and remembering simple instructions;

(4) Use of judgment;

(5) Responding appropriately to supervision, co-workers and usual work situations; and

(6) Dealing with changes in a routine work setting.

20 C.F.R. § 416.921(b) (1987).

The medical assessment performed by Dr. Omatta Sirisena, to whom appellee sent appellant for evaluation, contains specific conclusions based upon his examination and evaluation of her condition. These conclusions show an impairment for lifting/carrying; an impairment for standing/walking; an impairment affecting pushing/pulling and seeing; and environmental restrictions around heights and machinery caused by impairments.

Dr. Sirisena's narrative history of appellant states the following:

IMPRESSIONS: 1. Degenerative arthritis of lumbosacral spine.

2. Diabetes mellitus.

3. Hypertension.

4. Status post-Bell's palsy.

COMMENTS: The patient had lower back pain, possibly associated with degenerative arthritis of lumbosacral spine and at first the left leg problem appears to be associated with a nerve root involvement but neurological examination did not reveal objective evidence of radiculopathy. The Bell's palsy has cleared up without residuals. Her blood pressure is fairly well controlled with medications.

She can manage benefits on her own behalf.

Based upon these findings by Dr. Sirisena it is clear that the listed impairments significantly limited appellant's "physical . . . ability to do basic work activities." If so, and the doctor's report so concludes, then it follows that the appellant would suffer from a severe impairment. In addition, there is no evidence of record submitted by an examining physician that contradicts Dr. Sirisena's conclusions. Appellee, in its order denying appellant benefits, voluminously sets forth an "Evaluation of the Evidence." We focus our attention, however, on the Findings of Fact to see if they support the conclusion reached by appellee.

The critical findings state in part, "[t]he evidence and testimony of the appellant do not support a finding of limitation of appellant's ability to perform basic work activities as defined in 20 C.F.R. 416.921." This finding is contrary to the medical conclusion reached by Dr. Sirisena and as previously noted there are no medical reports by examining physicians contrary to those conclusions found by Dr. Sirisena.

Finding of Fact No. 4 states:

The appellant's arthritis is not severe and would not limit her ability to stand, walk, sit, lift, carry, reach, push, pull, or handle. Appellant's testimony regarding pain she has in her back, neck, legs, shoulders, and extremities is not fully credible in light of the very minimal findings in the evidence.

Again, this finding is not based on the medical evidence of examining physicians. Therefore, the conclusion of law upon which appellee determined that appellant does not have a severe impairment is inadequately based upon findings of fact supported by substantial evidence in the record.

In this case appellant has submitted to a comprehensive physical examination by a physician—not of her choice—but of appellee's choice. The physician's conclusions showed a severe impairment based upon the criteria set forth by appellee. For appellee to conclude contrary to the examining physician's determination will take at least some credible medical evidence supporting such contrary findings of fact that in turn support a conclusion of no severe impairment. We find no such support in this case and, therefore, reverse the decision and remand for entry of judgment not inconsistent with this opinion.

Reversed and remanded.

Judges ARNOLD and JOHNSON concur.